Mario Pittoni, J.
Plaintiff moves for a temporary injunction to restrain defendants from (a) affixing or in any way referring to the mark “ Bufferin’’ or the trade name “ Bristol-Myers ” upon or in connection with any merchandise, (b) selling any merchandise to which that mark or name has been affixed or in connection with which reference is made to such mark or name, and (c) representing that any merchandise not so identified by plaintiff is “ Bufferin ”, or will provide the same relief as “ Bufferin
Plaintiff claims that defendants are knowingly and willingly selling a drug product to which defendants have affixed “ Bufferin ” and “Bristol-Myers”, and are falsely representing that their product, ' ‘ Buffered Aspirin ’ ’, is the same as “ Bufferin ”, thus injuring plaintiff’s good will and reputation in violation of certain State and Federal statutes. Defendants’ packages, which are under attack, state on one side “ Save up to 50(6 per bottle as compared to Bufferin” ,and on another “Here’s proof” followed by “Staff Buffered Aspirin 100 tablets 79(6 ” above, in clear, legible print, and by “ Bristol-Meyers bufferin (B) 100 tablets $1.29 ” below, also in clear, legible print, and under all this ‘' Mfgrs. Sugg. Bet. Price 1-1-64 (B) Begd. T. M. of Mfgr.” in very small print.
Plaintiff invokes subdivisions 2 and 3 of section 2354 of the New York Penal Law which makes it a misdemeanor when a person “ Affixes * * * the genuine trade-mark, or an imitation of the trade-mark of another, without the latter’s consent; or,” *635 * * * 11 Knowingly sells, or keeps or offers for sale, an article of merchandise to which is affixed * * * the genuine trade-mark, or an imitation of the trade-mark of another, without the latter’s consent ”. Evidence presented on this motion establishes that defendants have violated the pertinent parts of section 2354 in that they have affixed plaintiff’s trade-mark to their products without plaintiff’s consent and have sold, kept and offered these products for sale.
Plaintiff has also established by the affidavits of its president and of its director of research, without contradiction by defendants, that defendants’ use of plaintiff’s name and trade-mark give's the public the false representation that defendants’ product is identical or the same as " Bufferin ” when, in truth and in fact, it is not. The affidavits herein establish that the amount of certain drugs in the two products are substantially different, and further, that the formulation and method of preparation are different. Defendants’ representations, therefore, will cause irreparable injury to plaintiff’s good name and good will among those purchasers dissatisfied with the performance of defendants’ merchandise and conclude that “ Bufferin ” is the same or no better. Thus, injunctive relief is authorized, not only under case law, but also under section 368-d of New York General Business Law which authorizes injunctive relief to prevent the “ Likelihood of injury to business reputation ”.
Defendants’ main opposition is based on its claim that it has temporarily ceased the practice now in issue. They say they have caused their product to be withdrawn because their small quantity of sales did not warrant continuation in the face of this suit. However, there is no assurance, and none was given at the oral discussion, to make it legally binding, that defendants would desist from the practice in issue till the trial of the action.
Under the circumstances, I am satisfied that a failure to grant plaintiff a temporary injunction, as requested, would make plaintiff vulnerable to irreparable injury, that defendants will not be harmed by a temporary stay, and that plaintiff has established a legal right to the relief requested. The motion is granted.
This case shall be put on the Special Term, Part III Calendar for .the first day of the December 1964 Term because this case warrants and commands an early trial, subject, of course, to the Justice there presiding.